UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Emerson Financial Group, Inc., 00-CV-1606 (ADM/SRN)

Plaintiff,

vs.

Transamerica Corporation,

Defendant.

**STIPULATED PROTECTIVE ORDER AND ORDER TO FILE UNDER SEAL**

IT IS HEREBY STIPULATED AND AGREED by and between parties to the above-entitled action, through their undersigned counsel, that the Court may enter an Order pursuant to the following terms:

1. This Order shall govern the production, use and, disclosure of information and documents produced, used, or disclosed in connection with this action and appeals related to this action which have been designated in accordance with this Order. For purposes of this Order, the term documents shall be defined in accordance with Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation:

a. Any responses to discovery requests; and.

b. Original, copies, and any non-identical copies of all written or graphic material of every kind and description, whether draft or final, typed, handwritten, printed or otherwise, as well as any recording, photograph, photostat, microfilm or any other reproduction, including without limitation, the following items: correspondence, communications; handwritten notes; work papers; reports; memoranda; summaries or records of personal conversations or interviews; diaries; desk calendars; minutes or records of

FILED JAN 26 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

meetings; lists of persons attending meetings; opinions of counsel; opinions or reports of consultants; records or summaries of investigations; offers; records or summaries of negotiations; contracts; agreements; telephone records or call slips; expense reports; telegrams; telefax; cables; telexes; teletype messages; forecasts; statistical statements; computer printouts; bills; receipts; checks; checkbooks; invoices; microfilm or other data compilations; electromagnetic tape recordings, video recordings, or other electronic recordings and transcriptions thereof; computer disks or other computer generated information regardless of its method or location of storage; photographs; films; articles of incorporation; bylaws; resolutions; directives; state and federal tax returns; financial statements; prospectuses; confirmations; statements of account; investment summaries; investment transaction records; accounting worksheets; tabulations, ledgers; journal pages or other media forms; books or records of account; loan documents; appraisal reports; press releases; newspapers; magazines; advertisements; periodicals; bulletins; circulars; brochures; newsletters; pamphlets; manuals; policies; applications; drafts and alterations of any document; original or preliminary notes; and marginal comments appearing on any document.

2. Any party to this action may designate information or documents (including selected portions of documents), used or disclosed by that party in connection with this action, as "CONFIDENTIAL." Information or documents that a party (the "Designating Party") in good faith believes contain or refer to confidential business or financial information or other confidential or proprietary information concerning or relating to one or more of the parties or of others that are possessed by a party, or documents which may contain data defined as private or non-public pursuant

to the Minnesota Government Data Practices Act (Minn. Stat. § 13.01 *et seq.*) may be designated as "CONFIDENTIAL."

3. Any information or document designated as "CONFIDENTIAL" shall be used (other than by the Designating Party) solely in connection with this action and shall not be disclosed to anyone other than:

a. Court and court personnel considering the disputes between the parties;

b. The parties to this action and their employees and representatives who are assisting counsel with the case;

c. Attorneys of record for the parties to this action and their legal assistants, and staff members working on the action;

d. Experts and advisors retained for purposes of this action. However, before such expert or advisor is shown or receives any information or documents designated as "CONFIDENTIAL" he or she must execute an Acknowledgment in the form of Exhibit A attached hereto;

e. Stenographic and court reporters engaged for depositions or other proceedings in this action. However, before such person is shown or receives any information or document designated as "CONFIDENTIAL" he or she must execute an Acknowledgment in the form of Exhibit A attached hereto;

f. Deponents during the course of, or in preparation for, a deposition and witness appearing, or in preparation, at trial or at a similar proceeding. However, unless the person otherwise qualifies for access to such information or documents pursuant to this Order, before such person is shown or receives any information or document designated as

"CONFIDENTIAL," he or she must execute or agree at the deposition and/or trial to be bound by an Acknowledgment in the form of Exhibit A attached hereto. In addition, any documents designated as "CONFIDENTIAL" shall not be left in the possession of such a deponent and/or witness, except as may be required by Rule 30 of the Rules of Civil Procedure or unless the deponent and/or witness otherwise qualifies for access to such documents pursuant to this Order; and

g. Such other persons as the parties may agree on in writing in advance of disclosure. However, before such person is shown or receives any information or document designated as "CONFIDENTIAL" he or she must execute an Acknowledgment in the form of Exhibit A attached hereto; and

h. Persons otherwise required by law.

4. Except as specifically provided for in paragraph six (6) below, the designation of a document as "CONFIDENTIAL" shall be accomplished by marking the document, or the specific portion of the document considered confidential, with the legend "CONFIDENTIAL" or by so designating the document, identified by its bates stamp number or other identifying number or designation, in a separate writing. If documents are produced for the purpose of allowing opposing counsel to determine which of those documents counsel desires copied, such documents shall be treated as "CONFIDENTIAL" pursuant to this Order, whether or not marked, until copies of the documents are requested and supplied. Thereafter, the documents copied and supplied shall be treated in accordance with the designation provided by the Designating Party.

5. In the event a party seeking production of information (the "Requesting Party") disagrees in good faith with any designation of confidentiality made by a Designating Party, the

Requesting Party shall notify the counsel of record for the Designating Party of its objection. If the parties are unable to resolve their disagreement after good faith negotiations, the Requesting Party shall file with the Court and serve by facsimile on the counsel of record for the Designated Party, a Notice of Objection, which: (1) identifies by document control (or bate stamp) number the documents bearing the confidentiality designation with which the Requesting Party disagrees; and (2) gives at least 14 days notice of the time, place and date for any hearing regarding the objection. The Designating Party shall serve by facsimile and file any brief in opposition to the Notice of Objection not less than seven (7) days preceding the hearing date. The Requesting Party shall serve by facsimile and file any reply not less than three days preceding the hearing date.

6. In the case of a deposition:

a. Counsel representing the witness may, at the commencement of any such deposition, designate the entire deposition transcript as "CONFIDENTIAL," provided that when such designation is made, the Designating Party does so in good faith believing that a disclosure would constitute, reflect, or disclose confidential information. Alternatively, any attending counsel may designate only specific portions of a deposition transcript as "CONFIDENTIAL" in accordance with the provisions of subparagraph (b) of this Paragraph.

b. Counsel for any party or the deponent may designate that information disclosed during a deposition is to be treated as "CONFIDENTIAL" by indicating on the record of the deposition and requesting the preparation of a separate transcript of such material.

c. If information or documents designated "CONFIDENTIAL" are disclosed or discussed during a deposition, the Designating Party shall have the right to exclude from

attendance any person who is not entitled to receive such information or documents pursuant to this Order. If the Requesting Party disagrees in good faith with the request to exclude, the Requesting Party may either (a) suspend the deposition and request an immediate telephone hearing with the Court to resolve the dispute, which may be heard without need for prior notice, briefing by the parties and on oral argument only; or (b) object to the request to exclude, but continue with the deposition as to non-confidential information and/or documents and reserve his or her right to complete the deposition at a later date after the propriety of the request to exclude can be determined by the Court. In the event that the Requesting Party chooses the latter option, the Requesting Party shall notify the Designating Party at or prior to the termination of the deposition of his or her intention to seek a judicial determination on the proprietary of the request, in which case the procedural requirements regarding prior notice, briefing and scheduling set forth in Paragraph six (6) shall apply.

7. In the event of disclosure of information or materials designated "CONFIDENTIAL" or to a person not authorized to receive such material under the terms of this Order, the party responsible for or having knowledge of the unauthorized disclosure shall immediately inform opposing counsel and, to the extent possible without violating attorney-client, attorney work-product or other privileges, disclose all known relevant information concerning the nature and circumstances of the disclosure. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the information or materials is made by anyone, and each party will cooperate in that effort.

8. In the event that any person permitted by this Order to receive or review confidential information or documents ceases to be engaged in the preparation for trial, or trial of, this case,

access by such person to documents and information designated to be "CONFIDENTIAL" shall be terminated. However, the provisions of this Order shall remain in full force and effect as to all persons who have obtained access to information and/or documents designated to be confidential hereunder, except as may be specifically ordered by the Court.

9. Nothing contained herein shall prevent disclosure beyond the terms of this Order if the Designating Party knowingly consents to such disclosure in writing or on the record, or if the Court, after notice to and an opportunity to be heard by all affected persons, allows such disclosure.

10. The inadvertent production or disclosure of any documents, material or information subject to the attorney-client privilege, attorney-work product privilege, or any other applicable privilege shall not be deemed a waiver, in whole or in part, of the producing party's or non-party's claim of such privilege. The parties agree that they shall not argue that such inadvertent disclosure constitutes a waiver, in whole or in part, of any privilege. The parties further agree that all such documents or materials inadvertently disclosed (and all copies of such materials) shall be returned to the producing party or non-party within twenty-four (24) hours after written demand for such return is made by the producing party or non-party.

11. Whenever any document designated as "CONFIDENTIAL" is filed with the Court, such document shall be filed in a separate, sealed envelope bearing the title of the action, a generic description of the documents contained in the envelope, and a statement in substantially the following form: "Confidential - Subject to Court Order Prohibiting Public Disclosure."

12. Within sixty (60) days after the final disposition of this action, including all appeals therefrom, all documents designated as "CONFIDENTIAL," and all excerpts therefrom in the possession, custody or control of parties other than the producing party, shall be destroyed or

returned to counsel for the producing party, and counsel for parties other than the producing party shall destroy or keep under seal all work product or transcripts embodying documents or information designated as "CONFIDENTIAL" and/or information contained or referred to therein. However, counsel for each party may retain one copy of each document designated as "CONFIDENTIAL" under seal for a period of two (2) years after said sixty-day period solely for reference in the event of a dispute arising over the use or dissemination of information subject to the terms of this Order. At the end of said two-year period, such documents shall be destroyed or returned to counsel for the producing party. Within such time period, the non-producing Party and its counsel shall certify, under oath, that all documents or information designated as "CONFIDENTIAL" and/or information contained or referred to therein and all recordings, copies, excerpts thereof have been returned or disposed as directed herein.

13. The provisions of this Stipulated Protective Order shall, absent written consent of the parties hereto, continue to be binding on the parties, their successors and assigns for a period of eight (8) years after the final disposition of this action. The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications and additions to this Order and such other and further relief as may be necessary, and either party may apply to the Court at any time for an amendment or modification of or addition to this order.

14. The confidentiality obligations of this Order shall not prohibit the use by any party or others of any information or documents that are currently in their possession or control or in the public domain, that have been previously disclosed or produced by any party or person, either before

or after the commencement of this action, or that are required to be disclosed by any law, regulation, order or rule of any governmental authority.

15. Neither this Order nor any stipulation therefor, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by any party that any information or documents designated as "CONFIDENTIAL" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claims either party may have against one another or a third party. Neither this Order nor any stipulation therefor shall be deemed to expand the scope of discovery in this action beyond the limits otherwise prescribed by law, nor to enlarge the scope of discovery to matters unrelated to this lawsuit.

16. This Order may be amended by the written agreement of counsel for the parties in the form of a stipulation that shall be approved by the Court.

17. Nothing in this Order shall be construed to prevent a party from seeking such further provisions regarding confidentiality as may be appropriate.

18. Nothing in this Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial or any evidentiary materials.

STIPULATED AND AGREED TO:

WINTHROP & WEINSTINE, P.A.

By______________________________

Donald J. Brown (154180)
Attorneys for Defendant
3200 Minnesota World Trade Center
30 East Seventh Street
St. Paul, MN 55101
(651) 290-8400

DATED: 1-22, 2001

RIDER, BENNETT, EGAN & ARUNDEL, LLP

By______________________________

Patrick J. Rooney (198274)
Rachna B. Sullivan (272565)
Attorneys for Plaintiff Emerson Financial Group, Inc.
333 South Seventh Street, Suite 2000
Minneapolis, Minnesota 55402
(612) 340-7996/340-7999

DATED: 1/16, 2001

**ORDER**

The foregoing Stipulation is hereby approved and IT IS ORDERED that the terms of the foregoing Stipulation are hereby adopted and shall govern this action unless otherwise ordered by the Court.

IT IS ALSO HEREBY ORDERED that all Confidential documents in this matter must be kept confidential from the public unless the above-signed persons first consent, in writing, to its

disclosure or upon further Order by the Court, whichever occurs first. If Confidential Information, as that term is defined above, is to be used in connection with any proceeding before this Court, such Confidential Information shall be filed under Seal.

BY THE COURT

Susan Richard Nelson

The Honorable Susan Richard Nelson
Magistrate Judge of the District Court

Dated: January 26, 2000

**EXHIBIT A**

Agreement concerning material covered by a Protective Order entered by the Honorable Susan Richard Nelson, Magistrate Judge of the United States District Court in the District of Minnesota on ________________, 2001.

The undersigned hereby acknowledges that he/she has read the Protective Order entered by the Honorable Susan Richard Nelson of the United States District Court in District of Minnesota on ________________, 2001, in the action entitled "Emerson Financial Group, Inc., v. Transamerica Corporation," Court File No. 00-CV-1606 (ADM/SRN); that he/she understands that terms thereof; and that he/she agrees to be bound by such terms.

The undersigned agrees that in consideration for his/her employment in this litigation he/she will not at any time use or disclose information subject to the Protective Order except in connection with this lawsuit as may be required by the Court or counsel for the parties to this lawsuit. The undersigned acknowledges that violation of this Agreement may subject him/her to civil liability. The undersigned further agrees that in the event he/she ceases to be engaged in the preparation for trial or trial of this proceeding, he/she shall terminate all access to information subject to the Protective Order, return all such materials in his/her possession, and maintain the confidentiality of the information obtained.

DATED: ________________, 2000 Signature ________________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Bricf action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.