**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Emerson Financial Group, Inc.,** **Civil No. 00-1606 (ADM/SRN)**

**Plaintiff,**

**v.**

**ORDER**

**Transamerica Corporation,**

**Defendant.**

---

This matter came on for hearing on January 16, 2001, before the Honorable Magistrate Judge Susan Richard Nelson, pursuant to Plaintiff's Motion to Compel Production of Discovery and for Sanctions [Docket 6]. Rachna B. Sullivan, Esq., of Rider, Bennett, Egan & Arundel, LLP appeared on behalf of plaintiff, and Donald J. Brown, Esq., of Winthrop & Weinstine appeared on behalf of defendant. Based upon all th files, records and proceedings herein and upon the argument of counsel, IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Compel Production of Discovery and for Sanctions [Docket 6] is granted in part and denied in part as more fully set forth herein.

2. Plaintiff's motion to compel responses to documents 1 and 2 is granted. On or before February 23, 2001, defendant shall produce all relevant documents.

3. Plaintiff's document requests 6 and 7 are granted. On or before February 23, 2001, defendant shall produce documents that relate to Emerson or its principals, copies of the actual contract(s) between Legacy and Transamerica involving the sale of life and/or annuity products, all pre-contract correspondence between Transamerica

FILED FEB 16 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

and Legacy, a date of the first phone conversation or meeting, or any other contact that relates to the contract between Transamerica and Legacy. Plaintiff shall be permitted to seek additional documents responsive to this request that may be identified in depositions.

4. With respect to plaintiff's motion concerning document request 8, 9 and 10, the parties have resolved their dispute by mutual agreement. Pursuant to that agreement, on or before January 29, 2001, the plaintiff and defendant shall each produce to the other a privilege log identifying documents predating October 14, 1998, which have been withheld under a claim of privilege. In all other respect, plaintiff's motion with respect to document requests 8, 9 and 10 is denied without prejudice as moot.

5. With respect to plaintiff's motion concerning document request 11, the parties have resolved their dispute by mutual agreement. Pursuant to that agreement, on or before February 6, 2001, the defendant shall produce copies of the contract(s) between Legacy and Transamerica involving the sale of life and/or annuity products, and the first draft of the contract and any copies of the contract that relate to the plaintiff or its principals. In all other respect, plaintiff's motion with respect to document request 11 is denied without prejudice as moot.

6. With respect to plaintiff's motion concerning document request 12, the parties have resolved their dispute by mutual agreement. Pursuant to that agreement, on or before February 6, 2001, the defendant shall produce a summary of the dollar amount of annuity products sold or the premiums received by Transamerica as a result of the Legacy relationship for the relevant three year period. Plaintiff may further seek

verification relating to the summary. In all other respect, plaintiff's motion with respect to document request 12 is denied without prejudice as moot.

7. With respect to plaintiff's motion concerning document request 13, the parties have resolved their dispute by mutual agreement. Pursuant to that agreement, on or before February 5, 2001, the defendant shall produce a summary of compensation or payment received by Legacy as a result of Transamerica annuity and life product sold through Legacy. This summary may be a joint summary with document request 12. In all other respect, plaintiff's motion with respect to document request 13 is denied without prejudice as moot.

8. With respect to plaintiff's motion concerning document request 14, the parties have resolved their dispute by mutual agreement. Pursuant to that agreement, on or before February 13, 2001, the defendant shall produce a summary of defendant's annuity and/or life products sold through Legacy in at least 30 jurisdictions, indicating the dates and identifying the 30 jurisdictions. Plaintiff may further seek verification to support the summary and additional documents relating to annuity and/or life products sold through Legacy in additional jurisdictions. In all other respect, plaintiff's motion with respect to document request 14 is denied without prejudice as moot.

9. Plaintiff's document request 15 is granted. On or before February 23, 2001, defendant shall produce all documents in the personnel file of Mr. Winters that relates to the Legacy and Transamerica and the Transamerica and Emerson contract, and documents that relate to the plaintiff or its principals. Plaintiff may seek additional responsive documents that may be revealed through the deposition of Mr. Winters.

10. Plaintiff's document request 17 is denied. To the extent such documents

exist, they can be subpoenaed.

11. Plaintiff's document request 18 is granted. On or before February 23, 2001, defendant shall conduct a good faith search and produce all relevant documents that relate to Emerson or its principals, or the contract between Emerson and Transamerica and Legacy and Transamerica.

12. Plaintiff's document request 19 is granted. On or before February 23, 2001, defendant shall produce all additional documents not produced in response to other requests which it intends to use to challenge the validity of the contract between Transamerica and Emerson.

13. With respect to plaintiff's motion concerning interrogatories 2 and 6, the parties have resolved their dispute by mutual agreement. Pursuant to that agreement, on or before February 23, 2001, the defendant shall provide a general description of the role of each of the witnesses identified and the addresses and phone numbers. In all other respect, plaintiff's motion with respect to interrogatories 2 and 6 is denied without prejudice as moot.

14. With respect to plaintiff's motion concerning interrogatory 12, to the extent defendant produces documents responsive to document request 15 which are responsive to this interrogatory, this interrogatory is denied without prejudice as moot.

15. With respect to plaintiff's motion concerning interrogatories 13 and 14, the motion is granted. On or before February 23, 2001, defendant shall provide answers.

16. The parties, through counsel, agreed upon the terms of a Protective Order which shall be revised to reflect their agreement, then filed along with a Stipulation for entry as an Order by this Court.

17. To the extent not otherwise set forth above, defendant's responses shall be made on or before February 23, 2001.

18. Nothing contained herein shall require either party to produce documents or information protected by the attorney/client privilege or work product doctrine.

19. To the extent not granted above, plaintiff's motion is denied without prejudice.

BY THE COURT:

Dated: February 16, 2001.

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge